UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00488-MOC

| | |
|---|---|
| **MELODY DAWN REINHARDT,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM OF DECISION |
| ) | and |
| Vs. ) | ORDER |
| ) | |
| **CAROLYN W. COLVIN, Acting Commissioner of** ) | |
| **Social Security,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court upon plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment. Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I. Administrative History

Plaintiff filed an application for a period of disability and Disability Insurance Benefits. Plaintiff's claim was denied both initially and on reconsideration; thereafter, plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to plaintiff, from which plaintiff appealed to the Appeals Council. Plaintiff's request for review was denied and the ALJ's decision affirmed by the

Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, plaintiff timely filed this action.

## II. Factual Background

It appearing that the ALJ's recitations of fact are supported are accurate, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows. The court does not, however, adopt the ALJ's ultimate conclusions based on such facts.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra.

## IV. Substantial Evidence

### A. Introduction

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had he been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The undersigned finds that it is not.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

    a.    An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

    b.    An individual who does not have a "severe impairment" will not be found to be disabled;

    c.    If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(b)-(f). In this case, the Commissioner determined plaintiff's claim at the fourth step of the sequential evaluation process and then provided an alternative determination at the fifth step.

**C. The Administrative Decision**

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since March 8, 2011, her alleged onset date. Administrative Record ("AR") at 15. At step two, the ALJ found that plaintiff had the following severe impairments: spine disorder with neuropathy in the arms, neck, and shoulder. Id. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR at 18. Before reaching step four, the ALJ made a Residual Functional Capacity ("RFC") determination, finding that plaintiff had the RFC to lift/carry twenty pounds occasionally and ten pounds frequently; stand/walk for up to 8 hours with normal breaks; and sit for 8 hours with normal breaks. AR at

18. The ALJ further found that plaintiff was limited to frequent pushing/pulling and operating controls with her left upper extremity; that she would have limitation in range of movement in extension, flexion, and lateral movement of her neck at 45 to 50 degrees; that she could not work around ladders, ropes, or scaffolds; that she would be able to frequently climb, stoop, and kneel; and that she could occasionally balance, crouch, and crawl. Id. With such RFC, the ALJ then found at step four found that she could perform her past relevant work as a waitress. AR at 20. In the alternative, the ALJ found with the help of a Vocational Expert ("VE") that plaintiff could perform other jobs existing in significant numbers in the national economy. AR at 21.

Under step four and step five, the ALJ found that plaintiff was not disabled from March 8, 2011, her alleged onset date, through May 9, 2013, the date of the ALJ's decision. AR at 22.

### D. Discussion

#### 1. Plaintiff's Assignments of Error

Plaintiff has made the following assignments of error:

(1) the ALJ erroneously found that she did not have a severe mental impairment;

(2) the ALJ did not assign proper weight to an opinion from a consultative examiner;

(3) the ALJ failed to consider an opinion from a non-examining state agency medical consultant;

(4) the ALJ did not properly consider her mental impairments in his residual functional capacity ("RFC") assessment; and

(5) the ALJ failed to include any mental limitations in his hypothetical to the VE.

**2.    Discussion**

**A.    Failure to Consider Mental Impairments in Assessing RFC**

The briefs in this matter were filed before decision issued in <u>Mascio v. Colvin</u>, --- F.3d ----, 2015 WL 1219530 (4th Cir. March 18, 2015). That decision appears very relevant as plaintiff is specifically contending that the ALJ failed to give appropriate consideration to her mental impairments (found at step two to cause mild limitations in in activities of daily living, social functioning, and maintaining concentration, persistence, or pace), in determining her RFC before reaching step four. In dismissing plaintiff's argument, the Commissioner herein argued, as follows:

> while the ALJ must consider both severe and non-severe limitations in reaching the RFC determination, the fact that the ALJ found mild

> limitations in the paragraph B criteria does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment.

Govt. Brief (#16) at 15 (footnote, quotation marks, and citations to out-of-circuit district court opinions omitted). While an appropriate argument when made, the Commissioner's position now appears to be in direct conflict with the decision in Mascio which held, as follows:

> Perhaps the ALJ can explain why Mascio's moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in Mascio's residual functional capacity. For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect Mascio's ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert. But because the ALJ here gave no explanation, a remand is in order.

Mascio, 2015 WL at *5 (citation omitted). Here, the ALJ acknowledged in his decision that "the 'paragraph B' criteria are not a residual functional capacity assessment," which the ALJ did in fact conduct at step two, and further acknowledged that the "mental residual functional capacity assessment used at steps 4 and 5 … requires a more detailed assessment by itemizing functions contained in the broad categories found in paragraph B of the adult mental disorders listings in 12.00…." AR at 18. He then goes on to state that "the following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the "paragraph B" mental function analysis." Id. Despite the preamble, the court is

at a loss to discover in the remainder of his determination a discussion of the "more detailed mental residual functional capacity assessment" or where he has provided a more "detailed assessment by itemizing functions." While the court agrees with the Commissioner's argument that the fact that the ALJ found mild limitations in the paragraph B criteria does not necessarily translate to a work-related functional limitation, <u>Mascio</u> clearly imposes on the Commissioner a duty to explain why such mild mental health impairments found at step two do not translate into work-related limitations when plaintiff's RFC for work is considered.

As plaintiff has correctly pointed out in her brief, the "ALJ never returned to any discussion of her mental impairments in his RFC findings and therefore omitted any mental impairment when creating an RFC." Under the recent decision in <u>Mascio</u>, such error requires remand.

### B. Plaintiff's Other Assignments of Error

While the court will not consider in depth the remainder of plaintiff's assignments of error, plaintiff has argued and the Commissioner has admitted that the ALJ did not fully credit the favorable opinion of the agency's own consulting doctor and then failed to discuss another agency medical opinion which was also favorable to plaintiff. The <u>Mascio</u> court held that "[r]emand may be appropriate ... where an ALJ fails to assess a claimant's capacity to perform relevant functions,

despite contradictory evidence in the record, *or where other inadequacies in the ALJ's analysis frustrate meaningful review*." Mascio, 2015 WL at *3 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir.2013)).

First, the ALJ did not fully credit the favorable opinion of the agency's own consulting physician, Dr. McNulty, who was the only examining psychologist to issue an opinion on plaintiff's mental impairments. In explaining why he was not giving full credit to Dr. McNulty's opinion that plaintiff's ability to tolerate stress is moderately to severely impaired, the ALJ pointed to plaintiff's ability to attend a GED course for three hours a day. The ALJ offered no explanation as to *why* he believed the stress of attending a GED course for three hours a day was the equivalent of working as a waitress eight hours a day. Again, Mascio is instructive and provides that "although the ALJ concluded that Mascio can perform certain functions, he said nothing about Mascio's ability to perform them for a full workday." Id. at *3. The Court of Appeals for the Fourth Circuit has long held that the ability to perform sporadic daily activities is not inconsistent with a claim of disability. Totten v. Califano, 624 F. 2d 10 (4th Cir. 1980). Building on Totten, an ALJ must explain how he determined that performing a certain activity for a short period translates into an ability to perform a different activity for a full workday. Mascio, 2015 WL at *3 and *6. This duty of explanation is especially important

where, as here, the ALJ is comparing what appears to be part-time adult educational activity with full-time work interacting with the public. While an ALJ is empowered to give less than full weight to the opinions of even agency physicians, an ALJ is obliged to explain why he concluded that the stress of sitting in a GED course for three hours a day was the equivalent of tolerating the stress of working eight hours a day as either a waitress at step four or as an inspector/packer on an assembly line at step five. On this record, such reason escapes the court.

Second, the ALJ failed to consider in any regard the opinion of another state agency medical consultant, Dr. Barham, who concluded that plaintiff had a severe impairment due to her affective disorders. AR at 79. As discussed above, the Commissioner has admitted this error, but argues that it is harmless because such opinion was considered by a later employed agency reviewer who gave an opinion consistent with that ultimately rendered by the ALJ. While the court does believe that the ALJ simply missed this opinion in what is a substantial record, failure to consider a favorable medical opinion on a relevant issue from a doctor that the agency employed is not easily dismissed as a harmless error inasmuch as the Commissioner's own regulations provide that "we will evaluate every medical opinion we receive." 20 C.F.R. § 404.1527. While concurring with its colleague in Brock v. Colvin, No. 2:13–cv–0039–FDW–DSC, 2014 WL 5328651, at *9

(W.D.N.C. Oct. 20, 2014), that such a failure can at times be harmless where the missed opinion is later included in the another review, in the context of the facts and circumstances of this case, the court does not find such error was harmless when it is considered with previous areas of concern outlined herein.

Thus, remand is also appropriate so that the ALJ can set forth his rationale as provided in <u>Mascio</u> and consider Dr. Barham's opinion.

**E.     Conclusion**

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is not supported by substantial evidence. <u>See</u> <u>Richardson v. Perales</u>, <u>supra</u>; <u>Hays v. Sullivan</u>, <u>supra</u>. Finding that there was not "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," <u>Richardson v. Perales</u>, <u>supra</u>, plaintiff's Motion for Summary Judgment will be granted, the Commissioner's Motion for Summary Judgment will be denied, and the decision of the Commissioner will be reversed and remanded for a new hearing.

***

Since the Court conducted independent research and relied on a decision published after briefing closed, each party is provided an opportunity, but is not

required, to address the remand decision in supplemental briefs within seven days. See Fussell v. AMCO Ins. Co., 2013 WL 127675 (E.D.Cal. Jan. 9, 2013) (providing for tentative ruling and allowance of supplemental briefs where a court relies on un-argued authority).

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by plaintiff, is **REVERSED**;

(2) the plaintiff's Motion for Summary Judgment (#13) is **GRANTED**;

(3) the Commissioner's Motion for Summary Judgment (#15) is **DENIED**; and

(4) this action is **REMANDED** to the Commissioner for a new hearing not inconsistent with this Order.

**IT IS FURTHER ORDERED** that the parties are **ALLOWED** seven days within which to file Objections and supplemental briefs, if any. Unless an Objection is filed within seven days, the Clerk of Court shall, without further Order, enter a Judgment consistent with this Memorandum of Decision at such time.

Signed: April 17, 2015

Max O. Cogburn Jr.
United States District Judge